# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

MID-CONTINENT CASUALTY COMPANY,
a foreign corporation,

        Plaintiff,

vs.                                                                    CASE NO:

KOLTER SIGNATURE HOMES, INC., a
foreign corporation; GTC HURRICANE
WINDOW DISTRIBUTORS, INC., an inactive
Florida Corporation; and SAN MATERA THE
GARDENS CONDOMINIUM ASSOCIATION,
INC., a Florida non-profit corporation,

        Defendants.

_____

## COMPLAINT

Mid-Continent Casualty Company ("MCC") sues Kolter Signature Homes, Inc.
("Kolter"), GTC Hurricane Window Distributors, Inc. ("GTC") and San Matera The Gardens
Condominium Association, Inc. (the "Association") for declaratory relief as follows:

### JURISDICTION AND VENUE

1.      This is an action for declaratory relief filed by MCC against Kolter, GTC and the
Association to determine MCC's obligations, if any, to defend and indemnify GTC and Kolter
against a lawsuit filed by the Association.

2.      MCC is an Ohio Corporation with its principal place of business in Tulsa,
Oklahoma.

3.      Kolter is a foreign corporation with its principal place of business in Palm Beach
County, Florida.

4.      GTC is an inactive Florida Corporation with its former principal place of business in Fort Lauderdale, Florida.

5.      The Association is a Florida non-profit corporation with its principal place of business in Palm Beach County, Florida.

6.      Venue is proper in the Southern District of Florida as one or more defendants reside in or is principally located in this district, and the events giving rise to this matter occurred in this district as well.

7.      Jurisdiction is proper as there is complete diversity between the plaintiff and the defendants, and the amount in controversy, as set forth below, exceeds $75,000.00 exclusive of attorneys' fees, interest, and cost.

## FACTS

8.      At issue in this matter are claims arising out of the San Matera the Gardens Condominium, located at 11910 Kew Gardens Avenue, Palm Beach, Florida and consisting of 676 units in 30 buildings, along with several common element buildings and facilities (the "Project").  The Project was built in two phases, with Phase I of construction occurring from 2000 to 2004 and Phase II occurring from 2004 to 2005.

9.      Kolter was hired as general contractor on the Project.  Kolter retained a number of subcontractors to perform the work, including GTC as a window and sliding glass door installer.

10.     After the work was completed, various defects were discovered by the Association following the turnover of the Project to the Association on August 14, 2007.

11.     Several additional Kolter entities, including Kolter Property Company, The Kolter Group LLC and Kolter Acquisitions LLC (collectively "Kolter Parent Companies"), directed and

2

controlled all employees, officers and directors of the Grande at Palm Beach Gardens, Inc., the developer of the Project.

12.     Kolter, Kolter Parent Companies and the Grande at Palm Beach Gardens, Inc. had a community of interest in performance of the Project.

13.     Kolter, Kolter Parent Companies and the Grande at Palm Beach Gardens, Inc. had joint control or joint right of control over the Project.

14.     Kolter, Kolter Parent Companies and the Grande at Palm Beach Gardens, Inc. shared a joint proprietary interest in the Project.

15.     Kolter, Kolter Parent Companies and the Grande at Palm Beach Gardens, Inc. had a right to share in the profits and a duty to share in any losses sustained relating to the Project.

16.     On March 18, 2015, the Association filed its Fourth Amended Complaint (the "Complaint"), seeking to recover for damages to the Project caused by a number of claimed defects.  The Complaint, a copy of which is attached as Exhibit "A," asserts three counts against Kolter:  (1) negligence; (2) violation of Section 553.84, Florida Statutes; and (3) breach of statutory implied warranties.

17.     The Complaint alleges "design and/or construction defects and deficiencies" were caused by the Project, resulting in damage to the buildings, including "structural, mechanical, electrical, plumbing, ventilating, waterproofing, and life safety systems" defects, "leaks", and "allow[ing] water to pond ".   Exhibit "A", ¶¶ 35, 37 and 43, d.

18.     MCC is currently defending Kolter, subject to a complete reservation of rights, under policy number 04-GL-000620868, which was in effect from November 1, 2005 through November 1, 2006 (the "Kolter Policy").  A copy of the Kolter Policy is attached as Exhibit "B."

19.     In pertinent part, the Kolter Policy contains the following provisions:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.      **Insuring Agreement**

     **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. … However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….

     **b.**     This insurance applies to "bodily injury" and "property damage" only if:

          **(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

          **(2)**     The "bodily injury" or "property damage" occurs during the policy period; and

          **(3)**     Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period. …

     **c.**     "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

     **d.**     "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of **Section II** – Who Is An Insured or any

15092536v1 0968582

"employee" authorized by you to give or receive notice of an "occurrence" or claim:

    **(1)**    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    **(2)**    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    **(3)**    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

    **e.**    Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

***

**2.**    **Exclusions**

    **j.**    **Damage to Property**

    "Property damage" to:

    **(1)**    Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

    **(2)**    Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

***

**SECTION II – WHO IS AN INSURED**

1.    If you are designated in the Declarations as:

    d.    An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

***

5

15092536v1 0968582

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

*** 

## EXCLUSION – DAMAGE TO WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF [Form CG 22 94 10 01]

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Exclusion **l.** of **Section I – Coverage A – Bodily Injury and Property Damage Liability** is replaced by the following:

**2.**     **Exclusions**

This insurance does not apply to:

**l.**     **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

*** 

## FUNGUS, MILDEW AND MOLD EXCLUSION [Form ML 12 17 (04 01)]

This insurance does not apply to:

**1.**     "Bodily injury", "property damage", "personal and advertising injury" or "medical payments" arising out of, resulting from, caused by, contributed to, attributed to, or in any way related to any fungus, mildew, mold or resulting allergens;

**2.**     Any costs or expenses associated, in any way, with the abatement, mitigation, remediation, containment, detoxification, neutralization, monitoring, removal, disposal or any obligation to investigate or assess the presence or effects of any fungus, mildew, mold or resulting allergens; or

**3.**     Any obligation to share with or repay any person, organization or entity, related in any way to items **1** and **2.**

*** 

15092536v1 0968582

## SECTION V – DEFINITIONS

16.    "Products-completed operations hazard":

    **a.**    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        **(1)**    Products that are still in your physical possession; or

        **(2)**    Work that has not yet been completed or abandoned.  However, "your work" will be deemed completed at the earliest of the following times:

            **(a)**    When all of the work called for in your contract has been completed.

            **(b)**    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            **(c)**    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

            Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as complete.

17.    "Property damage" means:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

20.    None of the Kolter Parent Companies are named insureds in the Kolter Policy.

15092536v1 0968582

21.     The Association's Complaint additionally seeks damages from GTC for:   (1) negligence; (2) violation of Section 553.84, Florida Statutes; and (3) breach of statutory implied warranties.

22.     Kolter additionally brought suit against several subcontractors, including GTC, alleging breach of contract and contractual and common law indemnity for the claims brought by the Association against Kolter in the underlying action.   A copy of the operative Amended Cross-Claim and Third Party Complaint ("Cross-Claim") against GTC is attached as Exhibit "C".

23.     MCC is currently defending GTC, subject to a complete reservation of rights.

24.     MCC entered into five pertinent insurance contracts with GTC:   (1) policy number 04-GL-000685565, which was in effect from May 1, 2007 through May 1, 2008; (2) policy number 04-GL-000714386, which was in effect from May 1, 2008 through May 1, 2009; (3) policy number 04-GL-000754684, which was in effect from May 1, 2009 through May 1, 2010; (4) policy number 04-GL-000788923, which was in effect from May 1, 2010 through May 1, 2011; and (5) policy number 04-GL-000819561, which was in effect from May 1, 2011 through its cancellation on December 27, 2011 (the "GTC Policies").   A copy of the GTC Policies is attached as Composite Exhibit "D".

25.     In pertinent part, policy number 04-GL-000685565 contains the following provisions:

**SECTION I- COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.     Insuring Agreement**

    **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right

15092536v1 0968582

and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)    The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

(2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments- Coverages **A** and **B.**

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)    The "bodily injury" or "property damage" occurs during the policy period; and

(3)    Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any

9

continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.**     "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II**- Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)**     Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)**     Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)**     Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.**     Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**2.**     **Exclusions**

This insurance does not apply to:

**b.**     **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)**     That the insured would have in the absence of the contract or agreement; or

**(2)**     Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

15092536v1 0968582

**(a)**    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)**    Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

**j.**    **Damage To Property**

"Property damage" to:

**(1)**    Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

**(2)**    Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

**(3)**    Property loaned to you;

**(4)**    Personal property in the care, custody or control of the insured;

**(5)**    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)**    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1), (3)** and **(4)** of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section **III** -Limits Of Insurance.

Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

11

Paragraphs **(3), (4), (5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k.**  **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.**  **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.**  **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**  A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**  A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.**  **Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)**  "Your product";

**(2)**  "Your work"; or

15092536v1 0968582

**(3)**    "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

*** 

## SECTION V- DEFINITIONS

**16.**    "Products-completed operations hazard":

**a.**    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

    **(1)**    Products that are still in your physical possession; or

    **(2)**    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

        **(a)**    When all of the work called for in your contract has been completed.

        **(b)**    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

        **(c)**    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

    Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.**    Does not include "bodily injury" or "property damage" arising out of:

    **(1)**    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

13

      **(2)**    The existence of tools, uninstalled equipment or abandoned or unused materials; or

      **(3)**    Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

**17.**    "Property damage" means:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**21.**    "Your product":

    **a.**    Means:

      **(1)**    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        **(a)**    You;

        **(b)**    Others trading under your name; or

        **(c)**    A person or organization whose business or assets you have acquired; and

      **(2)**    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **b.**    Includes

      **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

      **(2)**    The providing of or failure to provide warnings or instructions.

14

    c.    Does not include vending machines or other property rented to or located for the use of others but not sold.

22.    "Your work":

    a.    Means:

        (1)    Work or operations performed by you or on your behalf; and

        (2)    Materials, parts or equipment furnished in connection with such work or operations.

    b.    Includes

        (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        (2)    The providing of or failure to provide warnings or instructions.

***

26.    Policy numbers 04-GL-000714386, 04-GL-000754684, 04-GL-000788923 and 04-GL-000819561 contain the following pertinent provisions:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.**    **Insuring Agreement**

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. … However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….

    b.    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

15

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period. …

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of **Section II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**2.** **Exclusions**

This insurance does not apply to:

**b.** **Contractual Liability**

16

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury or property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contact", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

    **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

    **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

**j.**    **Damage To Property**

"Property damage" to:

**(1)** Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

**(2)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

**(3)** Property loaned to you;

**(4)** Personal property in the care, custody or control of the insured;

**(5)**  That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)**  That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1), (3)** and **(4)** of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section **III** - Limits Of Insurance.

Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs **(3), (4), (5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k.**  **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**m.**  **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**  A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**  A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

18

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.**     **Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";

**(2)** "Your work"; or

**(3)** "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

***

## SECTION V - DEFINITIONS

**16.**     "Products-completed operations hazard":

**a.**     Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)**     Products that are still in your physical possession; or

**(2)**     Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)**     When all of the work called for in your contract has been completed.

**(b)**     When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)**     When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

15092536v1 0968582

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.**     Does not include "bodily injury" or "property damage" arising out of:

    **(1)**     The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

    **(2)**     The existence of tools, uninstalled equipment or abandoned or unused materials; or

    **(3)**     Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

**17.**     "Property damage" means:

a.     Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**     Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**21.**     "Your product":

**a.**     Means:

    **(1)**     Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        (a)     You;
        **(b)**     Others trading under your name; or
        (c)     A person or organization whose business or assets you have acquired; and

    **(2)**     Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

15092536v1 0968582

    **b.**    Includes:

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        **(2)**    The providing of or failure to provide warnings or instructions.

    **c.**    Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.**    "Your work":

    **a.**    Means:

        **(1)**    Work or operations performed by you or on  your    behalf; and

        **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

    **b.**    Includes:

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        **(2)**    The providing of or failure to provide warnings or instructions.

***

27.    The GTC Policies all contain the following endorsement:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**AMENDMENT OF INSURED CONTRACT DEFINITION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Paragraph 9. of the **Definitions** Section is replaced by the following:

**9.**    "Insured contract" means:

21

**a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

**b.** A sidetrack agreement;

**c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**e.** An elevator maintenance agreement;

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph f. does not include that part of any contract or agreement:

**(1)** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

**(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**(a)** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

15092536v1 0968582

      **(b)**    Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

  **(3)**    Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

***

28.    Policy numbers 04-GL-000714386, 04-GL-000754684, 04-GL-000788923 and 04-GL-000819561 contain the following pertinent endorsement:

<b>THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.</b>

<b>EXCLUSION - DAMAGE TO WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF</b>

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Exclusion **l.** of **Section I - Coverage A - Bodily Injury And Property Damage Liability** is replaced by the following:

**2.**    **Exclusions**

    This insurance does not apply to:

    **l.**    **Damage To Your Work**

        "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

***

29.    Policy numbers 04-GL-000685565 and 04-GL-000714386 contain the following pertinent endorsement:

23

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Name of Person or Organization:**

**Any person or organization for whom the named insured has agreed by written "insured contract" to designate as an additional insured subject to all provisions and limitations of this policy.**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**WHO IS AN INSURED (Section II)** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability directly attributable to your performance of ongoing operations for that insured.

\*\*\*

30.     Policy numbers 04-GL-000754684, 04-GL-000788923 and 04-GL-000819561

contain the following pertinent endorsement:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

15092536v1 0968582

**Name of Person or Organization:**

**Any person or organization for whom the named insured has agreed by written "insured contract" to designate as an additional insured subject to all provisions and limitations of this policy.**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**WHO IS AN INSURED (Section II)** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability caused, in whole or in part, by your performance of ongoing operations for that insured.

***

31.     Policy numbers 04-GL-000685565, 04-GL-000714386, 04-GL-000754684 and

04-GL-000788923 contain the following endorsement:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**FUNGUS, MILDEW AND MOLD EXCLUSION**

This insurance does not apply to:

**1.**     "Bodily injury", "property damage", "personal and advertising injury" or "medical payments" arising out of, resulting from, caused by, contributed to, attributed to, or in any way related to any fungus, mildew, mold or resulting allergens;

**2.**     Any costs or expenses associated, in any way, with the abatement, mitigation, remediation, containment, detoxification, neutralization, monitoring, removal, disposal or any obligation to investigate or assess the presence or effects of any fungus, mildew, mold or resulting allergens; or

**3.**     Any obligation to share with or repay any person, organization or entity, related in any way to items **1** and **2.**

***

32.     Policy number 04-GL-000819561 contains the following endorsement:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

25

## FUNGUS, MILDEW AND MOLD EXCLUSION

This endorsement modifies insurance provided under the following:

> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> OWNERS AND CONTRACTORS LIABILITY COVERAGE PART
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
> RAILROAD PROTECTION LIABILITY COVERAGE PART

This insurance does not apply to:

**1.**  "Bodily injury", "property damage", "personal and advertising injury" or "medical payments" arising out of, resulting from, caused by, contributed to, attributed to, or in any way related to any fungus, mildew, mold or resulting allergens;

**2.**  Any costs or expenses associated, in any way, with the abatement, mitigation, remediation, containment, detoxification, neutralization, monitoring, removal, disposal or any obligation to investigate or assess the presence or effects of any fungus, mildew, mold or resulting allergens; or

**3.**  Any obligation to share with or repay any person, organization or entity, related in any way to items **1** and **2.**

***

33.  All conditions precedent to filing this action have either been performed or been waived.

34.  The Association is a necessary party since its rights may be impacted by this Court's declaration as to coverage.

## COUNT I – NO DUTY TO INDEMNIFY KOLTER UNDER THE "EXCLUSION – DAMAGE TO WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF"

35.  MCC realleges paragraphs 1 to 34 as paragraph 35 of Count I.

36.  At issue in the Association's Complaint are allegations of damage to the buildings themselves caused by Kolter's work or work performed on its behalf by its subcontractors.

15092536v1 0968582

37.     The Kolter Policy contains Form CG 22 94 10 01 ("Exclusion – Damage to Work Performed by Subcontractors on Your Behalf"), which excludes coverage for damages to work or operations performed by Kolter or on its behalf.

38.     In view of the foregoing, an actual and present controversy exists and this Court has the power to declare the rights and obligations, if any, of MCC to indemnify Kolter for the allegations set forth in the Association's Complaint.

Wherefore, MCC requests this Court to find and declare that it is not obligated to indemnify Kolter for the Association's claims that pertain to damages to Kolter's work or work performed on Kolter's behalf.

## COUNT II – NO DUTY TO INDEMNIFY KOLTER UNDER THE "FUNGUS, MILDEW AND MOLD EXCLUSION"

39.     MCC realleges paragraphs 1 to 34 as paragraph 39 of Count II.

40.     At issue in the Association's Complaint are allegations of damage and bodily injury caused by "leaks" and "water penetration" which may have caused mold.

41.     The Kolter Policy contains Form ML 12 17 (04 01) ("Fungus, Mildew and Mold Exclusion"), which excludes coverage for damages that are "*in any way related* to any fungus, mildew, mold or resulting allergens."

42.     Reports prepared by the Association's expert in the underlying matter state that the water penetration resulted in damages related to mold, which are excluded by the Kolter Policy's "Fungus, Mildew and Mold Exclusion."

43.     In view of the foregoing, an actual and present controversy exists and this Court has the power to declare the rights and obligations, if any, of MCC to indemnify Kolter for damages related to mold.

15092536v1 0968582

Wherefore, MCC requests this Court to find and declare that it is not obligated to indemnify Kolter for the Association's claims related in any way to fungus, mildew and mold.

### COUNT III - NO COVERAGE FOR KOLTER AS A RESULT OF AN UNDISCLOSED JOINT VENTURE

44.     MCC realleges paragraphs 1 to 34 as paragraph 44 of Count III.

45.     The Association's claimed damages arose from a business relationship, joint venture or partnership between Kolter, the Kolter Parent Companies and the Grande at Palm Beach Gardens, Inc.

46.     There is no business relationship, joint venture or partnership shown as an insured in the Declarations of the Kolter Policy.

47.     Accordingly, none of the Kolter Parent Companies nor the Grande at Palm Beach Gardens, Inc. is an insured with respect to the conduct or any current or past business relationship, joint venture or partnership under the Kolter Policy.

48.     In view of the foregoing, an actual and present controversy exists and this Court has the power to declare the rights and obligations, if any, of MCC to defend and indemnify Kolter for the allegations set forth in Association's Complaint.

Wherefore, MCC requests this Court to find and declare that it is not obligated to defend and indemnify Kolter for the Association's claims as a result of the undisclosed joint venture or partnership.

### COUNT IV – NO DUTY TO INDEMNIFY KOLTER FOR DAMAGES EXCLUDED FROM COVERAGE UNDER THE DAMAGE TO PROPERTY EXCLUSION

49.     MCC realleges paragraphs 1 to 34 as paragraph 49 of Count IV.

50.     The Kolter Policy contains the damage to your property exclusion, which excludes coverage for property damage to property owned, rented or occupied by Kolter for "repair, replacement, enhancement, restoration or maintenance of such property for any reason,

15092536v1 0968582

including prevention of injury to a person or damage to another's property" and property damage to premises sold, given away or abandoned by Kolter, if the property damage arose out of any part of those premises.

51.     The damages at issue in the Association's Complaint are excluded by the Kolter Policy's damage to property exclusion.

52.     In view of the foregoing, an actual and present controversy exists and this Court has the power to declare the rights and obligations, if any, of MCC to indemnify Kolter for the allegations set forth in Association's Complaint.

Wherefore, MCC requests this Court to find and declare that it is not obligated to indemnify Kolter for the Association's claims as a result of the damage to property exclusion.

## COUNT V – NO DUTY TO INDEMNIFY KOLTER TO THE EXTENT DAMAGES DID NOT TAKE PLACE DURING THE POLICY PERIOD

53.     MCC realleges paragraphs 1 to 34 as paragraph 53 of Count V.

54.     MCC's duty to indemnify under the Kolter Policy is limited to pay damages because of property damage which occurred during the policy period.  To the extent the damages alleged in the Association's Complaint did not occur during the policy period, such damages are not covered under the Kolter Policy.

55.     Phase I of the project was completed before MCC insured Kolter.

56.     There is no evidence of property damage that took place during Phase II while MCC insured Kolter.

57.     In view of the foregoing, an actual and present controversy exists and this Court has the power to declare the rights and obligations, if any, of MCC to indemnify Kolter for the allegations set forth in Association's Complaint that did not take place during the MCC policy period.

15092536v1 0968582

Wherefore, MCC requests this Court to find and declare that it is not obligated to indemnify Kolter for damages alleged in the Association's Complaint which did not occur during the policy period.

### COUNT VI – KOLTER IS NOT AN ADDITIONAL INSURED UNDER THE GTC POLICIES

58.   MCC realleges paragraphs 1 to 34 as paragraph 58 of Count VI.

59.   Kolter seeks defense and indemnity from MCC as an additional insured under the GTC Policies.

60.   MCC is not obligated to defend or indemnify Kolter as Kolter is not an additional insured under the GTC Policies as this is a completed operations hazard.

61.   In view of the foregoing, an actual and present controversy exists and this Court has the power to declare the rights and obligations, if any, of MCC to defend and indemnify Kolter as an additional insured under the GTC Policies.

Wherefore, MCC requests this Court to find and declare that Kolter is not an insured under the GTC Policies.

### COUNT VII – NO DUTY TO INDEMNIFY GTC UNDER THE DAMAGE TO WORK EXCLUSION AND "EXCLUSION – DAMAGE TO WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF"

62.   MCC realleges paragraphs 1 to 34 as paragraph 62 of Count VII.

63.   At issue in the Association's Complaint and Kolter's Cross-Claim are allegations of damage to the buildings themselves caused by GTC's work or work performed on its behalf by its subcontractors.

64.   The GTC Policies contain the damage to work exclusion or Form CG 22 94 10 01 ("Exclusion – Damage to Work Performed by Subcontractors on Your Behalf"), which excludes coverage for damages to work or operations performed by GTC or on its behalf.

30

65.     In view of the foregoing, an actual and present controversy exists and this Court has the power to declare the rights and obligations, if any, of MCC to indemnify GTC for the allegations set forth in the Association's Complaint and Kolter's Cross-Claim.

Wherefore, MCC requests this Court to find and declare that it is not obligated to indemnify GTC for the Association's claims and Kolter's claims related to its work or work performed on its behalf.

### COUNT VIII – NO DUTY TO INDEMNIFY GTC UNDER THE "FUNGUS, MILDEW AND MOLD EXCLUSION"

66.     MCC realleges paragraphs 1 to 34 as paragraph 66 of Count VIII.

67.     At issue in Kolter's Cross-Claim and the Association's Complaint are allegations of damage and bodily injury caused by "leaks" and "water penetration" which may have caused mold.

68.     The GTC Policies contain the "Fungus, Mildew and Mold Exclusion", which clearly excludes coverage for damages that are "*in any way related* to any fungus, mildew, mold or resulting allergens."

69.     Reports prepared by the Association's expert in the underlying matter state that the water penetration resulted in damages related to mold, which are excluded by the GTC Policies' "Fungus, Mildew and Mold Exclusion."

70.     In view of the foregoing, an actual and present controversy exists and this Court has the power to declare the rights and obligations, if any, of MCC to indemnify GTC for the allegations set forth in the Association's Complaint and Kolter's Cross-Claim.

Wherefore, MCC requests this Court to find and declare that it is not obligated to indemnify GTC for the Association's claims and Kolter's claims for claims that are in any way related to fungus, mildew or mold.

15092536v1 0968582

## COUNT IX – NO DUTY TO INDEMNIFY GTC FOR DAMAGES THAT DO NOT CONSTITUTE PROPERTY DAMAGE

71.     MCC realleges paragraphs 1 to 34 as paragraph 71 of Count IX.

72.     MCC's duty to indemnify GTC is limited to pay damages because of property damage caused by an occurrence.  To the extent Kolter is seeking to recover from GTC the cost to repair and replace GTC's defective work/defective product, as opposed to damage caused by GTC's defective work/defective product, such damages do not meet the definition of property damage.

73.     In view of the foregoing, an actual and present controversy exists and this Court has the power to declare the rights and obligations, if any, of MCC to indemnify GTC for the allegations set forth in the Association's Complaint and Kolter's Cross-Claim.

WHEREFORE, MCC requests this Court to find and declare it is not obligated to indemnify GTC for the Association's claims and Kolter's claims that do not meet the definition of property damage.

## COUNT X – NO DUTY TO INDEMNIFY GTC FOR DAMAGES THAT WHERE KNOWN BEFORE THE INCEPTION OF ANY POLICY PERIOD

74.     MCC realleges paragraphs 1 to 34 as paragraph 74 of Count X.

75.     The Project was turned over to the Association in August of 2007.

76.     MCC did not first insure GTC until May of 2007.

77.     MCC does not have a duty to indemnify GTC if GTC knew prior to any policy period of the GTC Policies that the property damage or bodily injury occurred in whole or in part.

78.     To the extent either the Association or Kolter is seeking to recover from GTC damages that occurred in whole or in part prior to any policy period of the GTC Policies, there is no duty to indemnify GTC for those damages.

15092536v1 0968582

79.     In view of the foregoing, an actual and present controversy exists and this Court has the power to declare the rights and obligations, if any, of MCC to indemnify GTC for the allegations set forth in the Association's Complaint and Kolter's Cross-Claim.

WHEREFORE, MCC requests this Court to find and declare it is not obligated to indemnify GTC for the Association's claims and Kolter's claims if the damages occurred in whole or in part prior to any of the GTC policy periods.

## COUNT XI – NO DUTY TO INDEMNIFY GTC FOR DAMAGES EXCLUDED FROM COVERAGE UNDER THE POLICIES

80.     MCC realleges paragraphs 1 to 34 as paragraph 80 of Count XI.

81.     The GTC Policies contain the contractual liability, damage to property, damage to your product, damage to impaired property or property not physically injured and recall of products, work or impaired property exclusions.

82.     Based upon the allegations of the Association's Complaint, Kolter's Cross-Claim and/or the actual facts, one or more of these exclusions apply and exclude coverage under the GTC Policies for the Association's claims and Kolter's claims.

83.     In view of the foregoing, an actual and present controversy exists and this Court has the power to declare the rights and obligations, if any, of MCC to indemnify GTC for the allegations set forth in the Association's Complaint and Kolter's Cross-Claim.

WHEREFORE, MCC requests this Court to find and declare it is not obligated to indemnify GTC for the Association's claims and Kolter's claims for damages excluded by the GTC Policies.

33

Dated: July 28, 2015

HINSHAW & CULBERTSON LLP

/s/ NICOLE DI PAULI GOULD
**RONALD L. KAMMER**
Florida Bar No. 360589
rkammer@hinshawlaw.com
**PEDRO E. HERNANDEZ**
Florida Bar No. 360589
phernandez@hinshawlaw.com
**NICOLE DI PAULI GOULD**
Florida Bar No. 110363
ndipauligould@hinshawlaw.com
2525 Ponce de Leon Blvd. Suite 400
Miami, Florida 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
*Attorneys for Mid-Continent Casualty Company*

15092536v1 0968582